UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-60183-BLOOM/Valle**

PREPARED FOOD PHOTOS, INC.,
f/k/a Adlife Marketing &
Communications Co., Inc.

     Plaintiff,

v.

DELVECCHIO PIZZA, LLC,
d/b/a Delvecchio's Pizzeria

     Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Delvecchio Pizza, LLC's Motion to Dismiss Plaintiff's Copyright Complaint For Failure to State a Cause of Action and Failure to Join an Indispensable Party, ECF No. [9] ("Motion"). Plaintiff Prepared Food Photos, Inc. filed a Response in Opposition, ECF No. [10], to which Defendant filed a Reply, ECF No. [11]. The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is Denied.

    **I. BACKGROUND**

On January 31, 2023, Plaintiff initiated the instant action by filing its Complaint in which it alleges one count of copyright infringement in violation of 17 U.S.C. § 501. ECF No. [1]. Therein, Plaintiff alleges that it registered a photograph titled "ChickenParmesan020" (the "Work") with the US Copyright Office on September 20, 2016. *Id*. ¶¶ 11-12. The Work was assigned Registration No. VA 2-027-741. *Id*. ¶ 12. Plaintiff further alleges that on a date prior to

Plaintiff's copyright registration of the Work, Defendant published the Work on its in-store menu which was published on at least one third-party website at https://www.zomato.com/miami/delvecchios-pizzeria-italian-restaurant-davie/menu without Plaintiff's permission or license *Id*. ¶¶ 16, 18. Plaintiff claims that through "ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on June 29, 2022." *Id*. ¶ 21.

On March 28, 2023, Defendant filed its Motion to Dismiss in which it argues that (1) Plaintiff failed to file its claim within the required statute of limitations period of three years; and (2) Zomato.com is the proper party and an indispensable party to this action. *See generally* ECF No. [9]. Plaintiff responds that Defendant misstates the statute of limitations and argues that the statute of limitations actually begins to run on the earlier of Plaintiff's discovery of the infringement or when Plaintiff reasonably should have discovered the infringement, so its Complaint was timely filed. ECF No. [10] at 6-11. Plaintiff also contends that Defendant is the proper party and Zomato.com is not an indispensable party. *Id*. at 11-14.

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### B. Statute of Limitations

"Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss . . . . However, if facts on the face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing *Cabral v. City of Miami Beach*, 76 So.3d 324, 326 (Fla. 3d DCA 2011) ); *see also Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citation omitted). "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations and quotations omitted). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time barred." *Id.; see also Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (stating that statute of limitations defect can be raised in motion for summary judgment where failure to comply with statute of limitations does not appear on face of complaint).

### C. Failure to Join an Indispensable Party

Dismissal of an action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join a party under Rule 19, is a "two-step inquiry." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003); *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-0099-CG-N, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014).

"First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Importers, Inc. v. Int'l Spirits & Wines*, LLC, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Devs. Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007).

If the party is required and joinder is not feasible, the district court moves to the second inquiry, that is, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 683 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 19(b); and *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

### III. DISCUSSION

As noted, Defendant argues that the Court should dismiss Plaintiff's Complaint with prejudice because (1) Plaintiff failed to file its claim within the required statute of limitations period of three years; and (2) Zomato.com is the proper party in the action. *See generally* ECF No. [9]. Plaintiff responds that its Complaint was timely filed, that Defendant is the proper party, and

Zomato.com is not an indispensable party. *See generally* ECF No. [10]. The Court considers each argument.[1]

### A. Statute of Limitations

Defendant argues that because the Complaint alleges that Defendant utilized the Work prior to Plaintiff's registration of the Work with the US Copyright Office on September 20, 2016, the Complaint was not filed within the three-year statute of limitations for actions brought under the Copyright Act of 1976. ECF No. [9] at 6. Plaintiff responds that courts in the Eleventh Circuit apply "a 'discovery' rule with respect to the statute of limitations … such begins to run on the earlier of Plaintiff's discovery of the infringement or when Plaintiff reasonably should have discovered the infringement." ECF No. [10] at 6-7. Plaintiff states that because the Court must accept as true the allegations in the Complaint, which include Plaintiff's allegation that it first discovered Defendant's unauthorized use/display of the work on June 29, 2022, there is no basis to dismiss the Complaint as barred by the statute of limitations. *Id*. at 11.

"The Copyright Act's statute of limitations provides that 'no civil action shall be maintained ... unless it is commenced within three years after the claim accrued.'" *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023) (quoting 17 U.S.C. § 507(b)) (alteration adopted). The Eleventh Circuit recognizes two rules for determining the date on which a copyright claim accrues: "the discovery rule and the injury rule." *Id*. "Under the discovery rule, a claim 'accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his' rights." *Id*. (quoting *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)). "Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it." *Id*. (citing *Petrella v.*

---

[1] The Court does not consider Defendant's request for Attorney's Fees and Costs. *See* ECF No. [9] at 7-8.

*Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014)). The Eleventh Circuit recently held that "a copyright plaintiff with a timely claim under the discovery rule may recover retrospective relief for infringement that occurred more than three years prior to the filing of the lawsuit." *Id*. at 1334.

The Court is not persuaded by Defendant's argument which cites dicta from *Nealy* for the proposition that "the discovery rule should not be applied in the instant case" and ignores *Nealy's* holding that the discovery rule is appropriately applied to a plaintiff seeking retrospective relief for copyright infringement. *See* ECF No. [11] at 5-6; *Nealy*, 60 F.4th at 1334. Plaintiff alleged that "[t]hrough its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on June 29, 2022." ECF No. [1] ¶ 21. Because the Court accepts Plaintiff's allegations as true for the purposes of deciding the pending Motion, under the discovery rule, Plaintiff's claim did not accrue until June 29, 2022. Accordingly, the Court finds that Plaintiff's claim is not due to be dismissed at this stage for violating the statute of limitations.

### B. Joinder of Indispensable Party

The Court turns to Defendant's arguments that it is not the proper party to this action, and Plaintiff's failure to join Zomato.com as a defendant may "impair or impede Zomato.com's ability to protect their interest and the defenses raised resulting in continuing litigation." ECF No. [9] at 7. Plaintiff responds that the Complaint alleges that Defendant published the Work on its restaurant menu. ECF No. [10] at 12. Plaintiff argues that, while it alleged that Zomato.com subsequently published the Work on its website, that "is irrelevant as the Copyright Act does not require publication/display on the internet for a claim to exist." *Id*. Because the Complaint alleges that Defendant published the Work to its in-store menu, Plaintiff contends that Zomato.com is not an indispensable party to this action. *Id*. at 13.

As an initial matter, the Court agrees with Plaintiff that it has sufficiently alleged that it is the owner of the copyrighted Work and Defendant, without Plaintiff's license or permission, published the Work on its in-store menu, using it in connection with the marketing of its business. *See* ECF No. [1] ¶¶ 11-13, 16, 18-19; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work). Because Plaintiff has alleged a copyright infringement claim against Defendant, Defendant is a proper party to this action. The Court therefore turns to the question of whether Zomato.com is an indispensable party.

An absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Although Plaintiff also alleges that Zomato.com published the Work on its website, Plaintiff has not demanded any award or relief from Zomato.com. *See* ECF No. [1]. Proof of Plaintiff's allegation that Zomato.com published the Work on its website is not necessary for the disposition of Plaintiff's copyright infringement claim against Defendant. Complete relief can be afforded with the existing parties to the action. Accordingly, the Court concludes that Zomato.com is not an indispensable party and denies Defendant's Motion to Dismiss on that basis.

Case No. 23-cv-60183-BLOOM/Valle

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [9]**, is **DENIED**.

2. Defendant shall file an Answer to the Complaint **no later than April 27, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record